IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-40757
Summary Calendar
_____


RAMON L. GASPARINI,

                                             Plaintiff-Appellant,

versus

BOEING DEFENSE AND SPACE - CORINTH COMPANY,

                                             Defendant-Appellee.
_____

Appeal from the United States District Court for the
Eastern District of Texas
(4:95-CV-278)
_____
May 18, 1998
Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

     In this appeal, Ramon L. Gasparini challenges several
evidentiary and other rulings entered by the district court in his
unsuccessful trial against Boeing Defense & Space Corinth Co.
("Boeing") for employment discrimination on the basis of national
origin in violation Title VII, 42 U.S.C. § 2000e et seq.  Finding
no abuse of discretion in any of those rulings, we affirm the
judgment entered on the jury's verdict.

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gasparini, who is Hispanic, was a mid-level manager at Boeing prior to his discharge for being too autocratic in his dealings with subordinates and others. On appeal, his main complaint is that the district court abused its discretion in excluding evidence of other purportedly similarly situated Caucasian managers who were not fired for their faults. Gasparini sought to offer this evidence to demonstrate that Boeing's proffered reason for his discharge was a pretext for national origin discrimination. See St. Mary's Honor Center v. Hicks, 509 U.S. 502, 515 (1993).

We review a district court's ruling to exclude evidence for abuse of discretion. Guillory v. Domtar Indus. Inc., 95 F.3d 1320, 1329 (5th Cir. 1996). Under that standard, we "will not disturb an evidentiary ruling, albeit an erroneous one, unless it affects a substantial right of the complaining party." Polythane Sys. Inc. v. Marina Ventures Int'l, Ltd., 993 F.2d 1201, 1208 (5th Cir. 1993). The burden of proving substantial prejudice lies with the party asserting error. Federal Deposit Ins. Corp. v. Mijalis, 15 F.3d 1314, 1319 (5th Cir. 1994).

Under this court's longstanding Title VII jurisprudence, evidence of the treatment of other employees is only relevant to the extent that those employees are "similarly situated." Smith v. Wal-Mart Stores, 891 F.2d 1177, 1180 (5th Cir. 1990). Where discharge is based on some particular misconduct, other employees

will not be considered "similarly situated" unless the complainant can show, among other things, "that the misconduct for which she was discharged was nearly identical to that engaged in by [the other] employee[s] whom [the company] retained." Id.

In this case, Gasparini points us towards no specific alleged conduct on the part of other managers that is remotely similar, much less "nearly identical" to that alleged against himself. We therefore find no abuse of discretion in the district court's decision to exclude that evidence.

Gasparini's next complaint is that the district court abused its discretion in denying his motion to take an emergency deposition a week before trial. "A district court's rulings on discovery motions are largely discretionary and will be reviewed only when they are arbitrary or clearly unreasonable." Robinson v. State Farm Fire & Casualty Co., 13 F.3d 160, 164 (5th Cir. 1994).

Because Gasparini's motion asked for discovery outside of the court's scheduling order, he was required to make a showing of good cause to obtain it. Fed. R. Civ. P. 16(b). In support of the motion, Gasparini argued that he had only recently become aware that the witness in question would not be able to testify at trial due to a health problem, and that the testimony was important to his case. The district court, however, found that Gasparini had long been aware of the health problem, and thus should have

anticipated that the witness would not be able to testify, and that the proposed testimony concerned events too remote in time to be relevant to his case anyway.  Based on the record before us, we cannot say that the district court abused its discretion in making these findings.  Because Gasparini failed to make his required showing of good cause, his motion was properly denied.

Finally, based on his two prior arguments, Gasparini also asserts that the district court erred in denying his motion for a new trial.  We review the district court's denial of a motion for a new trial for abuse of discretion.  <u>Allied Bank-West, N.A. v. Stein</u>, 996 F.2d 111, 115 (5th Cir. 1993).  A party will be entitled to a new trial only if he can "clearly establish either a manifest error of law or fact or . . . present newly discovered evidence." <u>Simon v. United States</u>, 891 F.2d 1154, 1159 (5th Cir. 1990). Because we find no merit to Gasparini's other assertions of error in this case, the denial of his motion for a new trial was also no abuse of discretion.

For the foregoing reasons, the judgment of the district court is

A F F I R M E D.